UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC CITIZEN,<br>    1600 20th Street NW<br>    Washington, DC 20009,<br><br>PUBLIC CITIZEN FOUNDATION,<br>    1600 20th Street NW<br>    Washington, DC 20009,<br><br>and<br><br>DAVID HALPERIN,<br>    c/o Public Citizen<br>    1600 20th Street NW<br>    Washington, DC 20009,<br><br>        Plaintiffs,<br><br>        v.<br><br>ELISABETH DEVOS,<br>in her official capacity as Secretary of the<br>U.S. Department of Education,<br>    Office of the Secretary<br>    400 Maryland Avenue SW<br>    Washington, DC 20202,<br><br>and<br><br>UNITED STATES DEPARTMENT OF<br>EDUCATION,<br>    400 Maryland Avenue SW<br>    Washington, DC 20202,<br><br>        Defendants. | Civil Action No. 1:19-cv-986 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. This action seeks declaratory and injunctive relief under the First Amendment and the Administrative Procedure Act (APA) to halt the Department of Education (ED) from blocking

users of its network from visiting Public Citizen's website, in violation of the First Amendment rights of Public Citizen and users who wish to receive information from Public Citizen.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction under 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391(e) and 5 U.S.C. § 703.

## PARTIES

3.  Plaintiff Public Citizen is a national non-profit public-interest organization founded in 1971, with members and supporters nationwide. Along with its sister organization, plaintiff Public Citizen Foundation (hereafter collectively, Public Citizen), Public Citizen represents consumer interests through lobbying, litigation, administrative advocacy, research, and public education on a broad range of issues, including consumer rights in the marketplace, financial regulation, and corporate accountability. Public Citizen also works to promote openness in government and disseminates on its website (www.citizen.org) information to advance government accountability. Both Public Citizen and Public Citizen Foundation are "persons" under the APA, 5 U.S.C. § 551(2).

4.  Plaintiff David Halperin is a Washington, D.C.-based lawyer who engages in public advocacy work and writes investigative articles on a wide range of issues, including higher education issues. He is a member of Public Citizen.

5.  Defendant Elisabeth DeVos is the United States Secretary of Education and charged with the supervision and management of all decisions and actions within ED. Plaintiffs sue Secretary DeVos in her official capacity.

6.  Defendant ED is an agency of the United States.

**STATEMENT OF FACTS**

7. Public Citizen maintains a website at the Uniform Resource Locator (URL) www.citizen.org. Public Citizen uses its website to disseminate information about its work to the public. Public Citizen makes its website accessible without limitation to all persons who have a connection to the Internet.

8. The information that Public Citizen disseminates through its website includes material directly relevant to, and often critical of, ED's administration of its statutory responsibilities. For example, in December 2018, Public Citizen released a report on its website entitled "Rewriting the Teach Grant Rules: Lessons from a History of Mismanagement," which provided a critical analysis of grant-to-loan conversions under ED's TEACH Grant program. The report found that decisions and errors made by ED in its administration of the program contributed to the staggering number of teachers whose educational grants have been erroneously converted to student debt. Available at https://www.citizen.org/system/files/case_documents/teach_report.pdf. Public Citizen also uses its website to inform the public about litigation that it has undertaken, including litigation against Secretary Devos and ED. *See, e.g.*, *Bauer v. DeVos* Webpage, available at https://www.citizen.org/our-work/litigation/cases/bauer-v-devos.

9. Public Citizen also uses its website to communicate information to the public about the actions of other government agencies, as well as Public Citizen's views of and responses to such actions. In many cases, Public Citizen has expressed views on its website that are critical of actions taken by the current Administration, of which Secretary DeVos is a cabinet member.

10. ED operates Wi-Fi networks that it makes available to visitors attending meetings at its headquarters, located at 400 Maryland Avenue SW, Washington, DC, as well as other ED

offices, including at 550 12th Street SW, Washington, DC. ED provides a password to allow such visitors to access the guest Wi-Fi.

11. ED's guest Wi-Fi networks enable users who log on through their smartphones or other electronic devices to access the Internet. For example, visitors who log on to ED's Wi-Fi network can use the network to access ED's webpage at www.ed.gov on their smartphones or computers.

12. ED also operates an internal network that allows ED personnel to access the Internet through their work computers or other work devices.

13. Public Citizen staff member Patrick Llewellyn attended a meeting at ED's 550 12th Street location on February 22, 2019. He logged onto ED's Wi-Fi network to access the Internet during that meeting to obtain information relevant to the reasons for his presence at the meeting. While logged on to the Wi-Fi network, Mr. Llewellyn was able to use ED's Wi-Fi network to access numerous websites, including websites of various advocacy groups and trade associations.

14. When Mr. Llewellyn attempted to access Public Citizen's website, he received a message on his device indicating that access to "URL: www.citizen.org/" is "in violation of your Internet usage policy." The message stated that Public Citizen's URL falls within "Category: Advocacy Organization." The following is a copy of the message that Mr. Llewellyn received on February 22, 2019, when attempting to access Public Citizen's website while on ED's Wi-Fi system:



15. As part of his work, Mr. Halperin regularly visits ED's offices to attend negotiated rule-making sessions and public hearings and to meet with ED officials and staff. During those visits, Mr. Halperin uses ED's Wi-Fi network to access the Internet to obtain information relevant to the subjects of those events and meetings. While logged on to the Wi-Fi network, Mr. Halperin has been able to access numerous websites.

16. For approximately the past year, however, Mr. Halperin has been blocked from accessing Public Citizen's website on ED's guest Wi-Fi networks. When attempting to access Public Citizen's website while logged onto ED's Wi-Fi network, he has received messages on his device indicating that access to "URL: www.citizen.org/" is "in violation of your Internet usage policy." The messages stated that Public Citizen's URL falls within "Category: Advocacy Organization." The following is a copy of a message that he received when attempting to access Public Citizen's website while on ED's guest Wi-Fi system on March 25, 2019:



17. On information and belief, users of ED's internal network similarly cannot access Public Citizen's website.

18. ED has not publicly stated any reason for blocking users of its Wi-Fi or internal networks from accessing Public Citizen's website.

19. ED has no legitimate justification for blocking access to Public Citizen's website.

20. ED does not block users of its Wi-Fi and internal networks from accessing the websites of numerous other organizations that engage in advocacy.

21. The website of Public Citizen does not pose any unique or materially heightened risk of network congestion or other harm to ED's Wi-Fi or internal networks, as compared to websites accessible on ED's networks.

22. ED's action blocking access to Public Citizen's website burdens Public Citizen's speech by making it more difficult for Public Citizen to communicate information to users of ED's Wi-Fi and internal networks, including information relevant to the work performed by ED personnel and that of visitors to ED's headquarters.

23. ED's action blocking access to Public Citizen's website burdens the First Amendment right of visitors attending meetings at ED, including Mr. Halperin and staff of Public Citizen, to receive information while visiting ED's headquarters and logged onto ED's network, including information relevant to the work performed by ED personnel and that of such visitors.

24. ED's decision to block access to Public Citizen's website from ED's networks is final agency action under the APA.

## FIRST CAUSE OF ACTION
## (First Amendment)

25. Plaintiffs have a non-statutory right of action to enjoin and declare unlawful unconstitutional action of a federal official or agency.

26. Defendants' action blocking Public Citizen's website on its guest Wi-Fi and internal networks violates the First Amendment because it imposes a viewpoint-based and/or content-based restriction on Public Citizen's protected speech and because it singles out Public Citizen for restrictions that do not apply to similarly situated speakers.

27. Defendants' action blocking access to Public Citizen's website on its guest Wi-Fi and internal networks violates the First Amendment because it imposes a viewpoint-based and/or content-based restriction on Plaintiffs' right to access and read Public Citizen's speech.

## SECOND CAUSE OF ACTION
## (APA)

28. The APA directs reviewing courts to hold unlawful and set aside agency action found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

29. Defendants' decision to block access to Public Citizen's website on its Wi-Fi and internal networks is unsupported by reasoned decisionmaking and fails to consider adequately the First Amendment interests implicated by its blocking practice.

30. Defendants' decision to block access to Public Citizen's website on its Wi-Fi and internal networks is arbitrary, capricious, an abuse of discretion, and contrary to law."

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs requests that this Court:

31. Declare that Defendants' action blocking users on its guest Wi-Fi network from accessing Public Citizen's website is unconstitutional;

32. Declare that Defendants' action in blocking users on its Wi-Fi and internal networks from accessing Public Citizen's website violates the APA because it is not supported by reasoned decisionmaking, arbitrarily treats similarly situated persons differently, and fails to consider or preserve the important First Amendment principles at stake;

33. Enjoin Defendants from blocking access to Public Citizen's website on its W-Fi and internal networks;

34. Award Plaintiffs their costs, including reasonable attorneys' fees, pursuant to 28 U.S.C. § 2412; and

35. Grant such other and further relief as this Court may deem just and proper.

Dated: April 9, 2019                                    Respectfully submitted,

/s/ Nandan M. Joshi
Nandan M. Joshi (DC Bar No. 456750)
Allison M. Zieve (DC Bar No. 424786)
Scott L. Nelson (DC Bar No. 413548)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000